1  Chant Yedalian, State Bar No. 222325
   (chant@chant.mobi)
2  CHANT & COMPANY
   A Professional Law Corporation
3  1010 N. Central Ave.
   Glendale, CA 91202
4  Phone: 877.574.7100
   Fax: 877.574.9411
5
   Counsel for Plaintiff
6  And the Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGELA POTIKYAN, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> JS DREAMS, INC. and CRISTCAT CALABASAS, INC. (individually and collectively doing business as JOHNNY ROCKETS - COMMONS AT CALABASAS), and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 2:13-cv-06237-JEM <br><br> **ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SCHEDULING FAIRNESS (FINAL APPROVAL) HEARING** <br><br> **HEARING** <br> Date:  July 26, 2016 <br> Time:  10:00 a.m. <br> Court Room:  C (8th Floor) <br> Judge: Hon. John E. McDermott |

The Court has received the class-wide Agreement Of Settlement And Release (the "Agreement" or "Settlement"), entered into between Plaintiff Angela Potikyan ("Potikyan" or "Plaintiff"), individually and on behalf of all others similarly situated, and Cristcat Calabasas, Inc. ("Cristcat" or "Defendant').

The Court previously certified the following Class:

"All consumers who, at any time during the period January 18, 2012 to March 15, 2013, made a purchase or other transaction at the Johnny Rockets Calabasas Restaurant (located at 4799 Commons Way, Suite J, Calabasas, California 91302) using their credit card or debit card."

Dkt. No. 52, ¶ 8.

The Court previously appointed Plaintiff Angela Potikyan as Class Representative for the Class.  Dkt. No. 52, ¶ 9.

The Court previously appointed Plaintiff's counsel, Chant Yedalian of Chant & Company A Professional Law Corporation, as Class Counsel for the Class.  Dkt. No. 52, ¶ 10.

After reviewing the Agreement and other documents filed in support of the Motion For Preliminary Approval Of Class Action Settlement, and having considered the arguments by the respective parties, THE COURT HEREBY ORDERS THE FOLLOWING:

1.   The Court hereby grants preliminary approval of the proposed Settlement upon the terms and conditions set forth in the Agreement.  The Court preliminarily finds that the terms of the proposed Settlement are fair, adequate and reasonable and comply with Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP").

2.   The Court preliminarily finds that the Settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the Parties.  In making these preliminary findings, the Court considered, among other factors, the potential statutory damages claimed in the lawsuit on behalf of Plaintiff

and members of the Class, Defendant's bankruptcy and funds available therein, Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Class as a result of the Settlement, and the fact that the proposed Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  The Court further preliminarily finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Class.

3. The Court approves the following notice plan to the Class:

### i. **Summary Notice**

Plaintiff will cause to be published, on two occasions, a summary notice ("**Summary Notice**"), in the form shown in **Exhibit 6** (attached to the Declaration of Chant Yedalian), in the LA Weekly.  A first publication shall be made within 30 days of the entry of this Order, and the second publication will be made between 21 and 28 days after the first publication.  Each of the two publications shall be ¼ of the LA Weekly's standard page size.

### ii. **Full Notice**

The Summary Notice states a toll-free number which Class Members may use to call Class Counsel and also states the URL of a website, www.RestaurantReceiptLawsuit.com, which Class Members may visit for further information and obtain a a viewable and printable on-line long-form notice ("**Full Notice**"), which will be in the form shown in **Exhibit 7** (attached to the Declaration of Chant Yedalian).  Beginning no later than 30 days after the Court's entry of this Order, and continuing until the last day on which Class members may request exclusion from the Class, Plaintiff's counsel shall make the Full Notice available to view and print at www.RestaurantReceiptLawsuit.com.

//

//

### iii   Opt-Out Deadline

Class Members will have 60 days from the date the Summary Notice is first published in the LA Weekly to request to be excluded from the Class (the "**Opt-Out Deadline**").  To request exclusion from the Class, each Class Member who requests exclusion must include their respective name, address, telephone number, and signature on correspondence requesting that they be excluded as a Class Member from *Potikyan v. JS Dreams, Inc., et al.*, C.D. Cal. Case No. CV13-6237 JEM, and the correspondence must be mailed, and postmarked no later than the Opt-Out Deadline, to Class Counsel at the following address:

> Chant Yedalian, Esq.
> CHANT & COMPANY
> A Professional Law Corporation
> 1010 N. Central Ave.
> Glendale, CA 91202

### iv.   Claims Deadline and Claim Form

Class Members will have 60 days from the date the Summary Notice is first published in the LA Weekly to submit a claim for payment by U.S. Postal Mail (the "**Claims Deadline**").  To submit a claim, Class Members must use the claim form (**"Claim Form"**) in the form shown in **Exhibit 8** (attached to the Declaration of Chant Yedalian) and, as set forth in the Full Notice, it must be sent by postal mail to Class Counsel and postmarked by no later than the Claims Deadline or submitted online or by facsimile by the Claims Deadline.  Beginning no later than 30 days after the Court's entry of this Order, and continuing until the Claims Deadline, Plaintiff's counsel shall make the Claim Form available to view and print at www.RestaurantReceiptLawsuit.com.

4.   The Court finds that the manner of the notice of Settlement set forth in paragraph 3, including the Summary Notice, Full Notice and Claim Form, constitutes the best notice practicable under the circumstances and is in full compliance with the United States Constitution and the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.  The Court further finds that

the notice fully and accurately informs Class Members of all material elements of the lawsuit and proposed class action Settlement, of each member's right to be excluded from the Settlement, and each member's right and opportunity to object to the proposed class action Settlement and be heard at the (fairness) Final Approval Hearing.

5.  Any Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the Settlement.  Any such objection must be filed with the Court and also served on Class Counsel and Defendant's Counsel.  To be effective, any such objection must be in writing and include the contents described in paragraph 7 below, and must be filed and served no later than sixty (60) calendar days after the date the Summary Notice is first published in the LA Weekly.  Any objections not raised properly and timely will be waived.

6.  Any Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to Class Counsel's motion for Class Counsel's Fees and Expenses and/or the Class Representative's Service Award.  Such motion will be posted on the Settlement website no later than thirty (30) calendar days before the Final Approval Hearing scheduled by the Court.  Any objection must be filed with the Court and also served on Class Counsel and Defendant's Counsel.  To be effective, any such objection must be in writing and include the contents described paragraph 7 below, and must be filed and served no later than twenty-one (21) calendar days before the Final Approval Hearing.  Any objections not raised properly and timely will be waived.

7.  To be effective, any objection described in paragraph 5 or paragraph 6 above must contain all of the following information:

    a.  a reference at the beginning to this case, *Potikyan v. JS Dreams, Inc., et al.*, C.D. Cal. Case No. CV13-6237 JEM;

    b.  The objector's full name, address, and telephone number;

      c.    a written statement of all grounds for the objection, accompanied by any legal support for such objection;

      d.    copies of any papers, briefs, or other documents upon which the objection is based;

      e.    a list of all persons who will be called to testify in support of the objection; and

      f.    a statement of whether the objector intends to appear at the fairness hearing. If the objector intends to appear at the fairness hearing through an attorney, the objection must also state the identity of all attorneys representing the objector who will appear at the fairness hearing.

8. Any Class Member who requests to be heard orally at the Final Approval Hearing must file with the Court and serve on Class Counsel and Defendant's Counsel a written notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear"). Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with specifications set forth in the Full Notice, may be barred from speaking or otherwise presenting any views at the Final Approval Hearing. To be timely, a Notice of Intention to Appear must be postmarked no later than twenty-one (21) days before the Final Approval Hearing.

9. Class Counsel's motion for Class Counsel's Fees and Expenses and the Class Representative's Service Award shall be filed no later than thirty (30) calendar days before the Final Approval Hearing scheduled by the Court.

10. As set forth in the Agreement, Defendant is ordered to immediately make payment to Class Counsel all of the amounts currently due pursuant to ¶ 2(d)(iv) of the Agreement. In addition, with respect to amounts that become due after the date of this Order, Defendant shall also make payment of all such amounts to Class Counsel pursuant to ¶ 2(d)(iv) of the Agreement. All payments made by

1  Defendant to Class Counsel pursuant to ¶ 2(d)(iv) of the Agreement, shall be held
2  in trust by Class Counsel pending final approval of the Settlement.
3       11.   The Court will hold a (fairness) Final Approval Hearing on **November
4  17, 2016, at 10:00 a.m.**, to consider the fairness, reasonableness and adequacy of
5  the proposed Settlement as well as Class Counsel's Fees and Expenses and the Class
6  Representative's Service Award. The Court reserves the right to adjourn or continue
7  the (fairness) Final Approval Hearing without further notice to the Class Members.
8
9       IT IS SO ORDERED.
10
11 Dated: July 26, 2016
12                                    By: /s/ John E. McDermott
13                                        HON. JOHN E. MCDERMOTT
                                          United States Magistrate Judge