Chant Yedalian, State Bar No. 222325
(chant@chant.mobi)
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202
Phone: 877.574.7100
Fax: 877.574.9411

Counsel for Plaintiff
And the Class

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA POTIKYAN, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> JS DREAMS, INC. and CRISTCAT CALABASAS, INC. (individually and collectively doing business as JOHNNY ROCKETS - COMMONS AT CALABASAS), and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 2:13-cv-06237-JEM <br><br> [~~PROPOSED~~] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT <br><br> **HEARING** <br> Date: November 17, 2016 <br> Time: 10:00 a.m. <br> Court Room: C (8th Floor) <br> Judge: Hon. John E. McDermott |

- 1 -

1   The Court has received the class-wide Agreement Of Settlement And Release
2   (the "Agreement" or "Settlement"), entered into between Plaintiff Angela Potikyan
3   ("Potikyan" or "Plaintiff"), individually and on behalf of all others similarly situated,
4   and Cristcat Calabasas, Inc. ("Cristcat" or "Defendant').

5   The Court previously certified the following Class:

6   "All consumers who, at any time during the period January 18, 2012
7   to March 15, 2013, made a purchase or other transaction at the Johnny
8   Rockets Calabasas Restaurant (located at 4799 Commons Way, Suite
9   J, Calabasas, California 91302) using their credit card or debit card."
10   Dkt. No. 52, ¶ 8.

11   The Court previously appointed Plaintiff Angela Potikyan as Class
12   Representative for the Class.  Dkt. No. 52, ¶ 9.

13   The Court previously appointed Plaintiff's counsel, Chant Yedalian of Chant
14   & Company A Professional Law Corporation, as Class Counsel for the Class.  Dkt.
15   No. 52, ¶ 10.

16   After reviewing the Agreement and other documents filed in support of the
17   Settlement, and having considered the arguments by the respective parties, THE
18   COURT HEREBY ORDERS THE  FOLLOWING:

19   1.   The Court hereby grants final approval of the Settlement upon the
20   terms and conditions set forth in the Agreement.  The Court finds that the terms of
21   the Settlement are fair, adequate and reasonable and comply with Rule 23(e) of the
22   Federal Rules of Civil Procedure ("FRCP").

23   2.   The Court finds that the Settlement is the product of serious, informed,
24   non-collusive negotiations conducted at arm's-length by the Parties.  In making
25   these findings, the Court considered, among other factors, the potential statutory
26   damages claimed in the lawsuit on behalf of Plaintiff and members of the Class,
27   Defendant's bankruptcy and funds available therein, Defendant's potential liability,
28   the risks of continued litigation including trial outcome, delay and potential appeals,

the substantial benefits available to the Class as a result of the Settlement, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Class.

3. The Court finds that the notice that has been provided to Class Members, as well as the means by which it was provided, all of which the Court previously approved, constitutes the best notice practicable under the circumstances and is in full compliance with the United States Constitution, FRCP Rule 23, and the requirements of due process. The Court further finds that the notice fully and accurately informed Class Members of all material elements of the lawsuit and proposed class action Settlement, of each member's right to be excluded from the Settlement, and each member's right and opportunity to object to the proposed class action Settlement and be heard at the (fairness) final approval hearing.

4. The Court finds that the manner and content of the notice of Settlement has been complied with in conformity with this Court's previous Orders.

5. The Court finds that zero Class Members have timely requested exclusion from the Settlement.

6. The Court finds that zero Class Members have timely objected to the Settlement.

7. The Court finds that zero Class Members have timely requested to appear or be heard at the final approval hearing.

8. All Class Members who did not timely exclude themselves from the Settlement are bound by the Agreement, including the release contained in paragraph 4 of the Agreement.

9. The Court hereby directs the Parties to effectuate all terms of the Settlement.

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT
Case No. 2:13-cv-06237-JEM

10.    Pursuant to the Agreement, the Court enters a total judgment against Cristcat in the total amount of $37,370,881.68.   This $37,370,881.68 amount includes $33,735,000 in statutory damages; $3,373,500 in punitive damages; $248,313 in Class Counsel's attorney's fees; $5,000 as a service (incentive) award to the Class Representative, and $10,468.68 in Class Counsel's costs.

11.    The Court finds that $248,313 in attorney's fees to Class Counsel is reasonable based upon Class Counsel's lodestar.   The Court finds that the $550 hourly rate of Class Counsel Chant Yedalian is reasonable based upon his qualifications, skills and experience.

12.    The Court hereby awards to Class Counsel attorney's fees of $248,313, to be paid from all funds recovered to date and any future funds that may be recovered as part of the Settlement.

13.    The Court hereby awards to Class Counsel reasonable costs of $10,468.68, to be paid from all funds recovered to date as part of the Settlement.

14.    The Court hereby awards $5,000 to the Class Representative, Angela Potikyan, as a service (incentive) award to compensate her for her service as the representative of the Class.   This Service Award is to be paid from all funds recovered to date as part of the Settlement.

15.    Class Counsel is released from the obligation to retain, in trust, funds recovered to date (and funds that may be recovered in the future) in connection with the Settlement, and is authorized to make payments authorized by Settlement and by this Judgment, including payment of the $5,000 service (incentive) award to the Class Representative, payment to Class Counsel for reasonable costs incurred of $10,468.68, and Class Counsel attorney's fees of up to $248,313 (to the extent any funds are ever recovered to make payment up to that amount).

16.    The Court shall retain continuing jurisdiction to interpret, implement and enforce the Settlement, and all orders and judgment entered in connection

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT
Case No. 2:13-cv-06237-JEM

therewith; and to address, decide and enforce the distribution of net income that is required by the Settlement.

17. The Court directs the Clerk of the Court to enter this Order as a judgment against Cristcat Calabasas, Inc. (subject to the terms of paragraph 16, above).

IT IS SO ORDERED.

Dated: November 17, 2016_

By: _____
HON. JOHN E. MCDERMOTT
United States Magistrate Judge

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT
Case No. 2:13-cv-06237-JEM